■ Steven M. Mizel et al., Appellants, v Stephen Feinberg et al., Respondents, and Cerberus Partners, L.P., Respondent.

[642 NYS2d 507] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 17, 1995, dismissing the complaint and bringing up for review an order of the same court and Justice entered March 2, 1995, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a), and order of the same court and Justice, entered October 18, 1995, which to the extent appealable, granted plaintiff's motion for renewal to a limited extent but adhered to the prior determination dismissing the complaint, unanimously affirmed, with costs.

The alleged oral contract violates the Statute of Frauds of both General Obligations Law § 5-701 (a) (1) and UCC 8-319. None of the written statements or bills satisfy the writing requirement of the statutes inasmuch as they do not establish a contractual relationship between the relevant parties (*see, Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379).

As to the derivative claim based upon alleged breaches of fiduciary duties, since an inherent conflict exists, plaintiff Mizel lacks standing to bring such an action (*see, G. A. Enters. v Leisure Living Communities*, 517 F2d 24; *Youngman v Tahmoush*, 457 A2d 376, 379 [Del Ch 1983]). We also find that the derivative claim fails to meet the requirements of CPLR 3016 (b) (*see, Lanzi v Brooks*, 43 NY2d 778, 780).

Leave to replead was properly denied since the proposed new pleading simply mirrors the original pleading. We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross and Williams, JJ.